```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

WARNER BROS. RECORDS, INC.,     )
et al.,                         )
                                )
          Plaintiffs,           )
                                )
     vs.                        )     No. 4:06-CV-1152 (CEJ)
                                )
TOM HELLER,                     )
                                )
          Defendant.            )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion [Doc. # 6] for default judgment against defendant in their action for copyright infringement pursuant to 17 U.S.C. § 501 et seq.

### I. Background

Plaintiffs are copyright owners or licensees of exclusive rights with respect to certain copyrighted sound recordings. Defendant Tom Heller has used an online media distribution system to download the copyrighted recordings, to distribute those recordings to other users of the system, and/or to make the copyrighted recordings available for distribution to others without the permission or consent of plaintiffs. Plaintiffs filed this action on August 1, 2006, and copies of the summons and complaint were served on the defendant on August 11, 2006. Defendant has not filed an answer or other responsive pleading. Consequently, on September 25, 2006, the clerk entered default against defendant.[1]

Plaintiffs have submitted the affidavit of William H. Joyce in support of their motion. Mr. Joyce testifies that the defendant is not an infant or incompetent person, and that the defendant is not in active military service.

Plaintiffs seek statutory damages of $7,500, an injunction, and costs in the amount of $420.

---

[1] Because of the defendant's default, the unopposed allegations of the complaint are deemed to be true. See Angelo Iafrate Const., L.L.C. v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004); Fed.R.Civ.P. 55(b)(2).

## II. Discussion

### A. Statutory Damages

Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must show that the alleged infringer violates at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See 17 U.S.C. § 501(a); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

Defendant's use of an online media distribution system to copy the copyrighted recordings and to distribute those recordings to other users of the system constitutes direct copyright infringement. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 125 S.Ct. 2764, 2778, 2782 (2005). See also In re Aimster Copyright Litigation, 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers . . . are the direct infringers."); A&M Records, Inc., v. Napster, Inc., 234 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download files on online media distribution systems are direct copyright infringers).

Section 504 of Title 17 provides in part: "[T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages of all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." Trial courts have wide discretion in setting damages within this statutory range. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952). The statute seeks to compel restitution of profit and reparation for injury in addition to discouraging wrongful conduct. Id. at 233.

In their application for default judgment [Doc. # 9-1], the plaintiffs request the Court award damages of $7,500. Plaintiffs have submitted a list of ten copyrighted recordings and the corresponding

sound recording numbers registered with the United States Copyright Office [Exhibit A]. Plaintiffs also provide a printout of all files defendant shares via the online distribution system which includes the ten copyrighted works [Exhibit B]. Therefore, the Court finds that the statutory minimum of $750 per recording, for a total damages award of $7,500, is supported by the evidence.

   B.   **Injunctive Relief**

Plaintiffs argue they are entitled to an injunction prohibiting defendant from unlawfully infringing plaintiffs' copyrights. Section 502(a) of Title 17 provides: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiffs allege that defendant's conduct is causing irreparable injury that cannot be fully compensated or measured in money. Plaintiffs need not show irreparable harm because the default against defendant satisfies the element of success on the merits. Sony Music Entm't, Inc. v. Global Arts Prod., 45 F.Supp.2d 1345 (S.D. Fla. 1999). Defendant's use of an online media distribution system makes plaintiffs' copyrighted works available to massive, repeated, worldwide infringement. Aimster, 334 F.3d at 646-47.

The requested injunction prohibits infringement of all copyrighted sound recordings owned by plaintiffs, even those not listed in the complaint. This request also covers works to be created in the future. When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate. Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994) (citation omitted). The Court will grant plaintiffs' request for a permanent injunction.

   C.   **Costs**

As prevailing parties, plaintiffs are entitled to an award of costs. The amount of costs to be awarded will be determined after the

plaintiffs submit a bill of costs, in compliance with 28 U.S.C. § 1920.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant Tom Heller is hereby **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2006.